Slip Op. 04 - 127

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| XEROX CORPORATION, | : | |
| Plaintiff, | : | **Before: MUSGRAVE, JUDGE** |
| v. | : | Court No. 02-00111 |
| THE UNITED STATES, | : | |
| Defendant. | : | |

[Plaintiff brought this action pursuant to 28 U.S.C. § 1581(a) contesting the denial of a protest. In its protest, Plaintiff claimed, for the first time, that the merchandise in question was eligible for duty-free entry pursuant to the North American Free Trade Agreement ("NAFTA"). Defendant moved to dismiss on the grounds that there was no protestable decision since Plaintiff had failed to claim the NAFTA preference either at the time of entry or within one year from the date of entry. Plaintiff filed a cross motion for summary judgment. **Held:** The Court agrees that Customs never made a protestable decision whether to grant the NAFTA preference; therefore jurisdiction does not lie under 28 U.S.C. § 1581(a). Defendant's motion is granted and Plaintiff's motion is denied as moot.]

Decided: October 7, 2004

*Neville Peterson, LLP* (*John M. Peterson* and *Maria E. Cellis*) for Plaintiff.

*Peter D. Keisler*, Assistant Attorney General; *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Amy M. Rubin*); *Sheryl A. French*, Office of Assistant Chief Counsel, U.S. Customs and Border Protection, of counsel, for Defendant.

## OPINION

Xerox Corporation brings this action seeking preferential, duty-free, tariff treatment pursuant to the North American Free Trade Agreement ("NAFTA") for 21 entries of electrostatic photocopiers and wire harnesses. Between January and March of 1998 Xerox made 22 entries at the port of Laredo, Texas and claimed classification under HTSUS 9009.12 (photocopiers) and 8544.41 (wire harnesses). Xerox did not claim duty-free treatment at the time of entry because it did not possess the certificates of origin required by 19 C.F.R. § 181.21. The United States Customs Service liquidated these entries "as entered" in December 1998 and January 1999. On March 2, 1999 Xerox filed a timely protest under 19 U.S.C. § 1514(a)(2), asserting for the first time that the entries were entitled to the NAFTA preference. The certificates of origin were submitted with the protest.

Customs treated Xerox's protest as a petition for NAFTA treatment under 19 U.S.C. § 1520(d),[1] which Customs interprets as the only means by which an importer can claim post-

---

[1] 19 U.S.C. § 1520(d) provides:

> Notwithstanding the fact that a valid protest was not filed, the Customs Service may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to refund any excess duties paid on a good qualifying under the rules of origin set out in section 3332 of this title for which no claim for preferential treatment was made at the time of importation if the importer, within 1 year after the date of importation, files, in accordance with those regulations, a claim that includes–
> > (1) a written declaration that the good qualified under those rules at the time of importation;
> > (2) copies of all applicable NAFTA Certificates of Origin (as defined in section 1508(b)(1) of this title); and
> > (3) such other documentation relating to the importation of the goods as the Customs Service may require.

liquidation NAFTA treatment. A claim under §1520(d) must be brought within one year of the date of importation. This limitation period had expired with respect to all but one of Xerox's 22 entries at the time the protest was filed. On September 28, 2001 Customs reliquidated the one entry for which the limitation period had not run, granting a refund based on the NAFTA preference. On November 6, 2001 Customs denied the protest as untimely with respect to the other entries. Xerox subsequently brought this action pursuant to 28 U.S.C. § 1581(a) contesting the denial of its protest.

Presently before the Court is a motion by Customs to dismiss this action for lack of subject matter jurisdiction and a motion by Xerox for summary judgment. For the reasons set forth below, Customs' motion is granted and Xerox's motion is denied as moot.


### *Arguments*

Customs' motion to dismiss is based on its contention that there was no protestable decision made regarding the NAFTA preference. Customs argues that in order for the Court to have subject matter jurisdiction under 28 U.S.C. § 1581(a) the plaintiff must protest a decision described in 19 U.S.C. § 1514(a). Mem. in Supp. of Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s Br.") at 5 (citing *Mitsubishi Electronics America, Inc. v. United States*, 44 F.3d 973, 975-76 (Fed. Cir. 1994) (other citations omitted)). Customs regulations require an importer claiming a NAFTA preference to "make a written declaration that the good qualifies for [preferential NAFTA] treatment . . . based on a complete and properly executed original Certificate of Origin . . . in the possession of the importer." 19 C.F.R. § 181.21(a). An importer may amend its entry pursuant to 19 C.F.R. § 181.31 and claim the NAFTA preference

so long as the liquidation of the entry has not become final. Once an entry has liquidated, 19 U.S.C. § 1520(d) permits an importer to petition for preferential treatment provided that it is within one year of the date of importation. Because Xerox failed to avail itself of the regulatory and statutory means by which a NAFTA claim can be made, Customs asserts that the matter was never placed before it for decision. Def.'s Br. at 6. Customs maintains that it "is entitled to rely on the information provided in the entry documents, including any importer's declaration regarding 'the declared value, classification and rate of duty applicable to the merchandise'" and therefore, "when [it] liquidates an entry 'as entered' in reliance on the information provided by the importer, the liquidation is correct as a matter of law." Def.'s Br. at 7 (citing 19 U.S.C. § 1484).

When the jurisdiction of the court is challenged, the burden is on the plaintiff to prove that jurisdiction exists. *See Lowa Ltd. v. United States*, 5 CIT 81, 83, 561 F. Supp. 441, 443 (1983). Xerox argues that "the filing of a protest under 19 U.S.C. § 1514(a)(2) in order to challenge the 'rate and amount of duties chargeable', as determined by Customs in the liquidation of an entry, remains a viable and statutorily authorized method for asserting the importer's right to a lower rate of duty, including a preferential rate of duty under NAFTA." Mem. of Points and Authorities in Opp'n to Def.'s Mot. to Dismiss and in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s Br.") at 2. Xerox notes that 19 U.S.C. § 1500(b) requires Customs to "fix the final classification and rate of duty applicable to such merchandise." In this instance, Xerox contends that Customs made a decision to assess Column 1 "Most Favored Nation" rates of duty. Pl.'s Br. at 8. Xerox also notes the principle that all decisions of the Customs official merge in the liquidation of the entry and argues that this is true regardless of whether the decisions are the

result of active consideration or a decision to liquidate the entry "as entered." Pl.'s Br. at 8-9

(citing *G&R Produce Company v. United States*, 281 F. Supp. 2d 1323, 1334 (CIT 2003); *LG*

*Electronics U.S.A. v. United States*, 21 CIT 1421, 1425 (1997)). Therefore, Customs concludes

that the liquidation of the entries at issue here was a protestable decision regarding the rate of

duty to be imposed.

Xerox also contends that § 1520(d) does not provide the exclusive basis for asserting a

post-entry claim for NAFTA treatment. Xerox argues that neither § 1520(d) nor the *North*

*American Free Trade Agreement Implementation Act*, Pub. L. No. 103-182, §1(a), 107 Stat. 2057

(Dec. 8, 1993), revoke or diminish the right of an importer to file a timely protest to challenge the

rate of duty determined by Customs upon liquidation. On this point, Xerox notes that the first

line in § 1520(d) says "notwithstanding the fact that a valid protest was not filed . . ." and argues

that this language indicates that an importer may file a "valid protest" or, as an alternative, may

request reliquidation under § 1520(d).

Xerox argues that the remedy set out by § 1520(d) is intended to supplement, not replace,

the protest remedy established by § 1514(a)(2). Xerox notes that when NAFTA initially went

into effect, Customs employed a 90 day liquidation cycle, meaning that an entry could be

liquidated and the time for filing a protest expire 180 days from the date of entry. Under these

circumstances, § 1520(d) provided a longer period (one year from entry) during which an

importer could claim NAFTA treatment. Xerox asserts that in the first years after NAFTA went

into effect, Customs processed § 1514 protests and reached the merits of those claims, even when

a request for reliquidation under § 1520 had not been filed. However, in 1997 when Customs

replaced its 90 day liquidation cycle with a 314 day liquidation cycle, meaning that the typical

time for filing a protest would extend beyond a year from the date of entry, it also adopted the position that a § 1520(d) petition was the exclusive way to assert a post-entry NAFTA claim. Although Customs has taken this position, Xerox reasserts that Congress did not expressly limit or eliminate the right of protest in the *North American Free Trade Agreement Implementation Act*.

Finally, Xerox argues that Customs' position violates the canons of statutory construction. Specifically, Xerox notes the principle that a reviewing court should try to interpret the different provisions of a statute in order to reconcile and give meaning to each. Furthermore, Xerox notes that when Congress enacts legislation it must be assumed that it is aware of the laws it has previously enacted. For these reasons, Xerox concludes that the Court should hold that § 1520(d) and §1514(a) are alternative means of claiming a NAFTA preference post-liquidation.

### *Analysis*

It is apparent from the text of the statutes that § 1520(d) and § 1520(a) are complementary statutes addressing different factual circumstances. The parties do not dispute that a protest under § 1514(a) is predicated on a decision by Customs, and § 1520(d) states that it applies when "no claim for preferential treatment was made at the time of importation." Thus, the dispositive issue before the Court is whether Customs made a decision to deny the NAFTA preference.

The Court holds that Customs did not make a protestable decision to deny Xerox's entries NAFTA treatment. As previously noted, 19 C.F.R. § 181.21 requires an importer to "make a written declaration that the good qualifies for [preferential NAFTA] treatment . . . based on a complete and properly executed original Certificate of Origin . . . in the possession of the

importer." Plainly, the burden is on the importer to claim and substantiate its entitlement to the

NAFTA preference. In the absence of such a claim, it is too much of a reach to construe

Customs' decision to assess Column 1 duties as a negative decision regarding preferential

NAFTA treatment.[2] In the present case, the issue of whether the subject merchandise was

eligible for the NAFTA preference was simply never before Customs. It is also noteworthy that

Customs classified the merchandise under the tariff subheading claimed by Xerox, the

correctness of which is undisputed, and in the absence of a substantiated NAFTA claim, Customs

was correct in assessing Column 1 duties. Therefore, Xerox's protest was invalid and does not

give rise to this Court's jurisdiction under 28 U.S.C. § 1581(a).

---

[2] In *Corrpro Companies, Inc. v. United States*, Slip Op. 04-116 (Sept. 10, 2004), the court held that Customs made a decision regarding NAFTA treatment by issuing a Headquarters Ruling Letter which required the importer to classify the merchandise in question under a tariff heading that was not NAFTA eligible. Thus the plaintiff was permitted to raise its claim for NAFTA treatment for the first time via a protest against the tariff classification. In that decision, as well as here, the key inquiry was whether the protest was based on a Customs decision.

### *Conclusion*

For the foregoing reasons, Customs' motion to dismiss for lack of subject matter jurisdiction is granted and Xerox's motion for summary judgment is denied as moot.

__/s/ R. Kenton Musgrave__ .
R. KENTON MUSGRAVE, JUDGE

Dated: October 7, 2004
       New York, New York

**ERRATUM**

Please make the following change to *Xerox Corp. v. United States*, Slip Op. 04-127, October 7, 2004, Court No. 02-00111:

On pages 2-8 the header should be corrected by replacing "Court No. 03-00123" with "Court No. 02-00111".

October 8, 2004